1  SEYFARTH SHAW LLP
   Andrew M. Paley (SBN 149699) apaley@seyfarth.com
2  Hayley E. Macon (SBN 224530) hmacon@seyfarth.com
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  Attorneys for Defendant
   DOMINO'S PIZZA, LLC
6

7  MICHAEL MALK, ESQ. APC
   Michael Malk (SBN 222366)
8  1180 South Beverly Drive, Suite 600
   Los Angeles, California 90035
9  Telephone: (310) 203-0016
   Facsimile: (310) 499-5210
10
   Attorneys for Plaintiffs PERFECTO ESPINOZA
11 and CESAR PEDROZA

                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

14 PERFECTO ESPINOZA AND CESAR          ) Case No. EDCV 07-1601-VAP (OPx)
   PEDROZA, individually and on behalf  )
   of all others similarly situated,    ) **JOINT RULE 26(F) REPORT**
15                                       )
              Plaintiffs,                )
16                                       ) Complaint Filed:  October 30, 2007
           v.                            )
17                                       ) Scheduling Conf.: March 26, 2008
   DOMINO'S PIZZA, LLC, a Michigan       ) Time:             1:30 p.m.
18 Limited Liability Company; DOMINO'S   ) Courtroom:        2
   PIZZA DISTRIBUTION, LLC, a           )
19 Michigan Limited Liability Company;   )
   and DOES 1-100, inclusive,           )
20                                       )
              Defendants.                )
21 _____)

22
          Plaintiffs PERFECTO ESPINOZA and CESAR PEDROZA, and Defendant
23
   DOMINO'S PIZZA, LLC hereby submit their Report of Parties' Planning
24
   Meeting, pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), California
25
   Central District Local Rule 26, and the Court's Standing Order.
26

27

28

LA1 6684149.3

## I.    BASIS FOR JURISDICTION

On December 5, 2007, Defendant removed this action to the U.S. District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d)(2), 1441 (CAFA), and 1446 (diversity jurisdiction).

## II.   STATEMENT OF FACTUAL AND LEGAL BASIS OF CLAIMS AND DEFENSE

Plaintiffs PERFECTO ESPINOZA and CESAR PEDROZA ("Plaintiffs"), former truck driver and assistant truck driver employees of Defendant DOMINO'S PIZZA, LLC ("Defendant"), brought this lawsuit in San Bernardino Superior Court on their own behalf and on behalf of all other persons similarly situated.  The Complaint, filed on October 30, 2007, seeks to certify a class action against Defendant.  The Complaint defines the proposed class as:

> all current and former non-exempt employees of DOMINO'S PIZZA, LLC and DOMINO'S PIZZA DISTRIBUTION, LLC[1] who were based out of the Southern California Distribution Center in Ontario, California and the Northern California Distribution Center in Hayward, California, and whose job responsibilities at any time during the class period from October 29, 2003 through October 29, 2007 (the "Class Period"), including driving trucks and/or acting as an assistant driver (also known as "Route Pro") on the trucks which delivered supplies from a distribution center to various establishments in California.

Plaintiffs allege that Defendants: (1) failed to provide mandated, timely meal periods (Cal. Lab. Code §§ 226.7, 512; IWC Wage Order No. 9); (2) failed to provide accurate, itemized wage statements (Cal. Lab. Code §§ 226, 226.3); (3) failed to pay all wages due at the time employment was terminated (Cal. Lab. Code §§ 201-203); and (4) engaged in unfair business practices (Cal. Bus. & Prof. Code § 17200, *et seq.*).

Plaintiffs believe that class adjudication in this case will promote judicial efficiency and economy.  The plaintiffs assert that since there are common

---

[1] Domino's Pizza Distribution, LLC was voluntarily dismissed without prejudice from this action on November 5, 2007.

-2-

1    questions such as whether Defendant's pay and scheduling policies and practices

2    comply with California law, including ensuring meal breaks, and adversely impact

3    the more than 100 truck drivers and former truck drivers like the Plaintiffs, the

4    Plaintiffs meet the requirements of FRCP 23.

5        Defendant filed an Answer on December 4, 2007, generally denying the

6    allegations set forth in Plaintiffs' Complaint.  Defendant also pled the following

7    affirmative defenses to the Complaint:  (1) failure to state a cause of action; (2)

8    statute of limitations; (3) laches; (4) estoppel and waiver; (5) unclean hands; (6)

9    reasonableness and good faith; and (7) exemption status.

10       Defendant denies that it owes Plaintiffs any unpaid wages or legal penalties.

11    Defendant contends that it provided meal periods within the meaning of the law.

12    Defendant maintains that whether individual drivers or route pros actually took

13    meal periods, received accurate wage statements, and received all wages upon

14    termination of employment (if applicable) are highly-individualized issues.

15    Defendant therefore asserts that class certification is not appropriate under Rule 23.

16 **III.  MAGISTRATE JUDGE**

17       The parties respectfully decline to have a Magistrate Judge preside over the

18    proceedings.

19 **IV.  DISCOVERY PLAN**

20       The parties suggest phased discovery.  Phase I will be limited to certification

21    issues, including the practices and policies alleged to be unlawful and common to

22    the class.  The deadline of Phase I discovery will be June 28, 2008 (thirty days

23    before Plaintiffs' deadline to file their Motion for Class Certification), with the

24    exception of depositions of previously undisclosed declarants.  To the extent

25    Plaintiffs use any previously-undisclosed declarants in support of their Motion for

26    Class Certification, Defendant shall have up to and including the deadline for filing

27    its Opposition brief to depose those declarants.  To the extent Defendant uses any

28                            -3-

1   previously-undisclosed declarants in their Opposition brief, Plaintiffs shall have up
2   to and including the deadline for filing their Reply brief to depose those declarants.
3   Phase II of the discovery process will focus on damages and trial issues.  The
4   parties request a status conference to follow the class certification motion decision
5   to propose additional deadlines for Phase II discovery.

6   **A.    Disclosures**

7   The Plaintiffs have provided their disclosures pursuant to Rule 26 beginning
8   on February 6, 2008, and supplemented them on March 7, 2008.

9   Defendant is in the process of preparing its initial disclosures and will
10  provide its first set of initial disclosures within 14 days of the scheduling
11  conference.

12  The Rule 26 disclosures will cover the claims of the named Plaintiffs and
13  issues related to class certification.

14  **B.    Subjects on Which Discovery May be Needed**

15  Plaintiffs intend to propound written discovery, as well as depose several
16  supervisors and company managers.  Plaintiffs also expect to take one or more
17  Rule 30(b)(6) depositions.

18  Defendant anticipates propounding written discovery requests and deposing
19  the named Plaintiffs.  Defendant also anticipates deposing witnesses disclosed by
20  Plaintiffs pursuant to Rule 26 as well as declarants used in support of Plaintiffs'
21  motion for class certification.

22  The parties anticipate that they will be able to comply with the seven-hour
23  time limit for depositions.  Plaintiffs may seek to limit the number of depositions
24  taken by Defendant.

25  Neither party anticipates the use of expert testimony in support of or in
26  opposition to the Motion for Class Certification.

27

28                                                   -4-

LAI 6684149.3

Plaintiffs propose that if either party uses expert testimony in support of or in opposition to the Motion for Class Certification, the experts be disclosed 40 days before the Phase I discovery cutoff.

Defendant proposes that if Plaintiffs use an expert witness in support of their Motion for Class Certification, they shall disclose that expert 30 days prior to the filing of their Motion.  If Defendant uses an expert in its Opposition to Class Certification, the expert shall be disclosed within two weeks after the deadline for Plaintiffs to file their Motion for Class Certification.

The parties agree that rebuttal experts shall be disclosed within 3 weeks after each parties' initial disclosures of expert witnesses.

Other than in connection with Plaintiffs' motion for class certification, in accordance with the Court's Standing Order, the parties propose an expert disclosure deadline of 70 days prior to Phase II discovery cut-off.

**C.    Disclosure or Discovery of Electronically-Stored Information**

The parties have met and conferred and confirmed that each is taking steps to help ensure the preservation of potentially discoverable materials.  The parties agreed to meet and confer as necessary regarding electronic materials that may be relevant to this matter and subject to discovery.  Defendants are in the process of investigating what electronic information is inaccessible.

The parties agree that the failure to designate and the subsequent production of electronically stored information that is subject to a claim of privilege or of protection as trial-preparation material shall not be deemed and shall not serve as a basis for claiming a waiver of the privilege or doctrine protecting such information.  This agreement constitutes an express reservation of any party's claim of privilege or application of doctrine with respect to electronically stored information produced

**D.    Claims of Privilege or Protection as Trial Preparation Material**

-5-

LAI 6684149.3

1    Plaintiff contends that because this is a proposed class action proceeding, the

2    presumption that the court proceedings should be public should be followed and

3    that no protective order is necessary.  Nevertheless, if the Defendant identifies and

4    provides justification that specific documents or types of documents or information

5    should be subject to a protective order, the Plaintiffs will cooperate in attempting

6    to draft an appropriate protective order.

7    Defendant believes that Plaintiff may seek discovery of documents and

8    information that is confidential, a trade secret, or protected by the rights of privacy

9    under state and federal law.  Defendant therefore reserves the right to identify any

10   requested documents and information as such and discuss and appropriate

11   protective order with Plaintiff before producing those documents and information.

12   **V.    PROPOSED DATES FOR CLASS ACTION CERTIFICATION**

13   **      PROCEEDING AND TRIAL**

14   Plaintiffs anticipate filing a motion for class certification, and the parties

15   submit that the issue of class certification is in dispute.  Accordingly, the parties

16   respectfully submit that, because the trial of this matter would be markedly

17   different if it proceeded on a class basis (as opposed to an action involving two

18   individuals), it is premature at this time to submit a proposed pre-trial schedule.

19   Instead, the parties submit, without waiving any arguments concerning the

20   propriety of class certification or Plaintiffs' ability to obtain it, that the Court adopt

21   the following schedule:

22   Cutoff date for Phase I discovery concerning

23   class certification (with the exception of

24   depositions of previously undisclosed

25   declarants, as described above):          June 28, 2008

26   Deadline to file motion for class certification:    July 28, 2008

27   Deadline to file opposition to certification motion: September 8, 2008

28   -6-

LA1 6684149.3

Deadline to file reply memorandum:                September 29, 2008

Hearing on motion for class certification:        October 14, 2008

As stated, the parties suggest that they submit proposed dates for trial and the pre-trial conference after the Court rules on Plaintiffs' motion for class certification.

## VI.   MAJOR PROCEDURAL OR EVIDENTIARY PROBLEMS

The parties do not anticipate any major procedural or evidentiary problems at this point.  In the even they do, the parties will meet and confer on the issue and will raise it with the Court only if they are able to resolve it.

## VII.   DISPOSITIVE MOTIONS

Defendant currently anticipates filing a motion for summary judgment on the issue of whether Plaintiffs were provided with their meal breaks.  Pursuant to the Court's Standing Order, the parties propose that the motion hearing cut-off shall be 21 days prior to the Pre-Trial Conference.

## VIII. PROSPECTS OF SETTLEMENT

To date, no settlement discussions have taken place.  The parties have agreed to private mediation.  The parties have not yet selected a mediator

## X.   MANUAL FOR COMPLEX LITIGATION

The parties agree that unless class certification is denied, the Manual for Complex Litigation is appropriate for this matter.

## XI.   ESTIMATE OF NUMBER OF COURT DAYS FOR TRIAL

If the class is not certified, the parties' trial estimate for Plaintiffs' individual claims is four to five days.  It is premature to give a trial estimate for the class case, as the estimate will largely depend on issues that emerge in discovery.

## XII.   TRIAL BY JURY OR THE COURT

In their Complaint, filed October 30, 2007, Plaintiffs requested a trial by jury.  Defendant requests a bench trial.

-7-

LA1 6684149.3

1

## XIII.  TRIAL COUNSEL

2          For Plaintiffs:  Michael Malk.

3          For Defendant:  Andrew M. Paley and Hayley E. Macon.

4    DATED: March 12, 2008                    SEYFARTH SHAW LLP

5

6                                             By _____

7                                                  Andrew M. Paley
                                                   Hayley E. Macon
8                                             Attorneys for Defendant
                                              DOMINO'S PIZZA, LLC

9

10   DATED: March 12, 2008                    MICHAEL MALK, ESQ., APC

11

12                                            By _____

13                                                 Michael Malk
                                              Attorneys for Plaintiffs
14                                            PERFECTO ESPINOZA and CESAR
                                              PEDROZA

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                -8-