SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699) apaley@seyfarth.com
Hayley E. Macon (SBN 224530) hmacon@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
DOMINO'S PIZZA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PERFECTO ESPINOZA AND CESAR PEDROZA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DOMINO'S PIZZA, LLC, a Michigan Limited Liability Company; DOMINO'S PIZZA DISTRIBUTION, LLC, a Michigan Limited Liability Company; and DOES 1-100, inclusive,

Defendants.

Case No. EDCV 07-1601-VAP (OPx)

Assigned to Hon. Virginia A. Phillips

**DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Date: December 15, 2008
Time: 10:00 a.m.
Place: Courtroom 2

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Domino's Pizza, LLC ("Defendant") hereby objects to excerpts from the depositions of Marques Bennet and Reginald Lee, and the Declaration of John A. Barrett dated January 17, 2008, the Declaration of James Dukes dated January 15, 2008, the Declaration of Phillip Franklin dated January 12, 2008 and the Declaration of Darwin Price dated February 5, 2008, cited by Plaintiffs Perfecto Espinoza and Cesar Pedroza in support of their Motion for Class Certification (the "Motion"). Defendant also

objects to the depositions of David Arreola, Jr., Victor Barcelo, Marcques Bennett, Ronito Canones, Jr., Daniel Charboneau, Perfecto Espinoza, Ian Hall, Reginald Lee, Alex Morales, Herbert Navas, Samuel Pattee, in their entirety. Defendant respectfully requests that the Court rule on these evidentiary objections at or prior to the hearing on the Motion, scheduled for December 15, 2008 at 10:00 a.m., in Courtroom 2 of the above-entitled Court, or at such other time as the matter may be decided by the Court.

## I. OBJECTIONS TO EXCERPTS OF THE DEPOSITION OF MARQUES BENNET FILED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

| **OBJECTION NO. 1** |
|---|
| Defendant objects to page 11, line 21 to page 12, line 1 of the deposition excerpt of Marques Bennett filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 1:** Bennett testifies that *other* drivers were "trying to get routes done" by "[r]unning super hard and super fast," and that they could not get their routes done. The testimony lacks foundation and is made without personal knowledge. Fed. R. Evid. 602. |
| **COURT'S RULING ON OBJECTION NO. 1:** Sustained:____________ Overruled:____________ |

| **OBJECTION NO. 2** |
|---|
| Defendant objects to page 13, lines 20-22 of the deposition excerpt of Marques Bennett filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 2:** Bennet testifies that "A lot of guys…wanted |

| to get work." The testimony lacks foundation and is made without personal knowledge. Fed. R. Evid. 602. |
|---|
| **COURT'S RULING ON OB-JECTION NO. 2:** Sustained: ______________ Overruled: ______________ |

| **OBJECTION NO. 3** |
|---|
| Defendant objects to page 73, lines 19-20 of the deposition excerpt of Marques Bennett filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 3:** Bennett testified that "the company was resigned to get the stuff off the truck." The testimony is speculative and lacks foundation as to the company's intentions. Fed. R. Evid. 602. |
| **COURT'S RULING ON OBJECTION NO. 3:** Sustained: ______________ Overruled: ______________ |

## II. OBJECTIONS TO EXCERPTS OF THE DEPOSITION OF REGINALD LEE FILED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

| **OBJECTION NO. 4** |
|---|
| Defendant objects to page 53, lines 18-25 of the deposition of Reginald Lee filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 4:** Lee testified that "they ran people …out of time and some drivers were scared to" call the depot in advance. The testimony lacks foundation and is made without personal knowledge of the experience of other drivers. Fed. R. Evid. 602. |

| **COURT'S RULING ON OBJECTION NO. 4:** | Sustained: ____________________ <br> Overruled: ____________________ |
|---|---|

## III. OBJECTIONS TO DECLARATION EXCERPT OF JOHN A. BARRETT FILED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

| **OBJECTION NO. 5** |
|---|
| Defendant objects to paragraph 6 of the declaration of John A. Barrett filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 5:** Barrett testified that the other drivers would raise the issue of not being able to take meal breaks, and that Dominoe's management was "deliberately avoiding the issue." The testimony is speculative, lacks foundation and is made without personal knowledge of the experience of other driver's or of Domino's intentions. Fed. R. Evid. 602. |
| **COURT'S RULING ON OBJECTION NO. 5:** Sustained: ____________________ <br> Overruled: ____________________ |

## IV. OBJECTIONS TO DECLARATION EXCERPT OF JAMES DUKES FILED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

| **OBJECTION NO. 6** |
|---|
| Defendant objects to paragraph 6 of the declaration of James Dukes filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 6:** Dukes testified that "Domino's management never remedied these issues…" The testimony is speculative, lacks foundation and is made without personal knowledge of the experience of other driver's or of Domino's intentions. Fed. R. Evid. 602. |
| **COURT'S RULING ON OBJECTION NO. 6:** Sustained: ____________________ |

| Overruled:_______________ |
|---|

## V. OBJECTIONS TO DECLARATION EXCERPT OF PHILLIP FRANKLIN FILED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

| **OBJECTION NO. 7** |
|---|
| Defendant objects to paragraph 7 of the declaration of Phillip Franklin filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 7:** Franklin testifies to the contents of a meeting between management and "the drivers," but fails to offer testimony that he attended the meeting. Accordingly, the testimony lacks foundation to the extent that it represents conversations not observed by the witness. Fed. R. Evid. 602. |
| **COURT'S RULING ON OBJECTION NO. 7:** Sustained:_______________ Overruled:_______________ |

## VI. OBJECTIONS TO DECLARATION EXCERPT OF DARWIN PRICE FILED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

| **OBJECTION NO. 8** |
|---|
| Defendant objects to paragraph 6 of the declaration of Darwin Price filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 8:** Price testifies issues were raised by both himself and "the other drivers." He further testifies as to the purported reason why other drivers stopped raising issues. Finally, he testifies that "it was clear to [him] that breaks were discouraged by the Domino's management." The testimony is speculative, lacks foundation and is made without personal knowledge of the experiences of other driver's or of Domino's intentions. Fed. R. Evid. 602. Fed. R. Evid. 602. |

| **COURT'S RULING ON OBJECTION NO. 8:** | Sustained: ________________ |
| --- | --- |
| | Overruled: ________________ |

## VII. OBJECTIONS TO DEPOSITIONS OF DAVID ARREOLA, JR., VICTOR BARCELO, MARCQUES BENNETT, RONITO CANONES, JR., DANIEL CHARBONEAU, PERFECTO ESPINOZA, IAN HALL, REGINALD LEE, ALEX MORALES, HERBERT NAVAS, SAMUEL PATTEE FILED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

| **OBJECTION NO. 9** |
| --- |
| Defendant objects to depositions of David Arreola, Jr., Victor Barcelo, Marcques Bennett, Ronito Canones, Jr., Daniel Charboneau, Perfecto Espinoza, Ian Hall, Reginald Lee, Alex Morales, Herbert Navas, Samuel Pattee filed by Plaintiffs in Support of Plaintiffs' Motion for Class Certification, because |
| **GROUNDS FOR OBJECTION NO. 9:** The evidence should be excluded because it is not properly authenticated. There is no reporter's certificate. A deposition may not be authenticated by stating that only it is a "true and correct copy." Rather, proper authentication requires the submission of a reporter's certification of every deposition extract submitted. *See Beyene v. Coleman Sec. Servs.*, Inc., 854 F.2d 1179, 1182 (9th Cir. 1988) (excluding trial testimony excerpt attached as an exhibit to a declaration not properly authenticated; "It is not enough that [declarant] characterizes the testimony as a 'true and correct copy.'") |

| **COURT'S RULING ON OBJECTION NO. 8:** | Sustained: ________________ |
| --- | --- |
| | Overruled: ________________ |

Respectfully submitted,

DATED: November 24, 2008

SEYFARTH SHAW LLP

By [signature]

Andrew M. Paley
Hayley E. Macon
Attorneys for Defendant
DOMINO'S PIZZA, LLC

7

DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

LA1 6752027.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On November 24, 2008, I served the within documents:

**DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

☐ I sent such document from facsimile machine (310) 201-5219 on June 26, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ electronically by using the Court's ECF/CM System.

Michael Malk, Esq.
MALK LAW FIRM
1180 S. Beverly Drive
Suite 600
Los Angeles, CA 90035

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on November 24, 2008, at Los Angeles, California.

Heidi Schmid