MICHAEL MALK, ESQ., APC
Michael Malk, Esq. (State Bar No. 222366)
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile: (310) 499-5210
mm@malklawfirm.com
Attorneys for Plaintiffs Perfecto Espinoza and Cesar Pedroza

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECTO ESPINOZA AND CESAR PEDROZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINO'S PIZZA, LLC, a Michigan Limited Liability Company; DOMINO'S PIZZA DISTRIBUTION, LLC, a Michigan Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. EDCV 07-1601-VAP (OPx)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S EX PARTE PAPERS**<br><br>HONORABLE VIRGINIA PHILLIPS<br><br>RIVERSIDE DIVISION, COURTROOM 2 |

**I.    Plaintiffs' Reply Brief Was An Appropriate Reply To Defendant's Evidence**

Plaintiffs did not discuss Defendants' declarations in Plaintiffs' Motion for Class Certification because Plaintiffs neither knew what evidence the Defendant would reply upon in its opposition, nor the manner by which the Defendant would use the declarations[1].

The Plaintiffs' reply brief was, in fact, a reply to the evidence and arguments made by the Defendant in its opposition brief.  This is the standard and appropriate purpose for a reply brief.

---

[1] It is not realistic for a moving party in its opening brief to anticipate all evidence which may possibly be offered by the opposing party.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION**

Given the foregoing, there is no basis for granting defendant the extraordinary right to file a sur-rebuttal brief.

## II.   CONSIDERATIONS OF DEFENDANT'S PROPOSED EVIDENCE

If the Court were to permit the filing of the brief, the Court should consider the following:

A. The material submitted by defendant does not contradict the evidence submitted by the Plaintiffs that the declarants felt pressured by their managers to cooperate with the company's lawyers and that the declarations did not accurately describe their experience at Dominos with respect to the provision of meal breaks[2].

B. The supplemental evidence submitted by Dominos makes clear that the declarants, who are putative class members, did not receive information prior to their being interviewed by the attorney representing Dominos that, as the court decisions cited in Plaintiffs' reply brief establish, is required by applicable ethical rules[3]. The information that the putative class should have been supplied, but were not, includes the fact that the putative class members may have interests adverse to the interests of the company. Moreover, prior to the interview by an attorney representing a potential adverse party, the putative class members have a right to be

---

[2] See Plaintiffs' Reply Brief, pages 5 through 11. See also section V.A. of the Reply regarding pressure from management to meet with the attorneys from Dominos, including: Driver Marques Bennett thought it was mandatory when his supervisor told him to meet the Dominos attorney (Bennett Depo. 19:7-15); when Bennett's declaration was ready for signing, Bennett's supervisors stated that Bennett must sign the statement (Bennett Depo. 52:2-3), making Bennett feel bitter and frustrated (Bennett Depo. 32:21-33:3). Herbert Navas felt that he did not have an option whether to speak with Dominos' attorneys since his supervisor asked him to do so (Navas Depo. 15:4-13). Navas also felt that the attorney from Dominos was trying to put words into his mouth that were not true (Navas Depo. 36:14-17). Driver Samuel Pattee felt coerced to comply with the wishes of his General Manager and meet with the Dominos attorney. (Pattee Depo. 34:5-21)[the declarations of Bennett, Navas, and Pattee are attached as Exhibits BBB, CCC, and EEE, respectively, to the Further Declaration of Michael Malk].
[3] Defendant's declarations of Eustache ¶2, Abramowitz ¶2, and Macon ¶5, all show that the attorneys never disclosed that the interests of the witness may be adverse to Dominos. See Cal. Rule of Professional Conduct 6-100(D), and Plaintiffs' Reply Brief, pages 10-11.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION**

told that they may consult their own attorney, who would consider and advise them with respect to their own interests.

## III.   Conclusion

Defendant has not shown grounds for the extraordinary relief it seeks in its ex parte papers[4], and its request must be denied.

DATED:  December 12, 2008         MICHAEL MALK, ESQ., APC


By _Michael Malk_
         Michael Malk

---

[4] Regarding filing of papers, Defendant cites Lujan v. National Wildlife Federation, 497 U.S. 871, 894-895 (1990) for the proposition that courts have discretion to disregard late-filed factual matters.  It is noteworthy that Defendant filed its declarations and evidence in support of its Ex Parte papers at 4:12 PM.  Moreover, its points and authorities in opposition to the Motion for Class Certification were not filed until 7:24 PM on the due date.  Pursuant to this Court's standing order: "The 'e-filing' of all documents required to be 'e-filed' in this matter pursuant to General Order No. 07-08 shall be completed by **4:00 p.m. on the date due**. Any documents 'e-filed' after 4:00 p.m. on the date due will be considered **untimely**." Emphasis in the original.