SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699) apaley@seyfarth.com
Hayley E. Macon (SBN 224530) hmacon@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
DOMINO'S PIZZA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECTO ESPINOZA AND CESAR PEDROZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINO'S PIZZA, LLC, a Michigan Limited Liability Company; DOMINO'S PIZZA DISTRIBUTION, LLC, a Michigan Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. EDCV 07-1601-VAP (OPx)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST-AMENDED COMPLAINT**<br><br>Complaint Filed: October 30, 2007<br>First-Amended Complaint Filed: December 5, 2008 |

Defendant DOMINO'S PIZZA, LLC ("Defendant") answers and otherwise pleads to Plaintiffs PERFECTO ESPINOZA and CESAR PEDROZA ("Plaintiffs") First-Amended Complaint ("FAC") as follows:

ANSWER TO FIRST-AMENDED COMPLAINT
LA1 6758564.2

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

### I.

### NATURE OF THE ACTION

1. Paragraph 1: Upon information and belief, Defendant admits that Plaintiffs' make the allegations they seek to allege in this paragraph. Defendant denies the remainder of the allegations in this paragraph.

### II.

### JURISDICTION AND VENUE

2. Paragraph 2: Defendant admits that the instant venue is proper. Defendant admits that it has California Supply Chain Centers located in Ontario, California and in Hayward, California. Defendant denies the remainder of the allegations in this paragraph.

3. Paragraph 3: Defendant admits that jurisdiction with the above-captioned court is proper. Defendant admits that its Southern California Supply Chain Center is located in Ontario, California. Defendant denies the remainder of the allegations in this paragraph.

4. Paragraph 4: Defendant admits that this action was properly removed from state to federal court under the Class Action Fairness Act. Defendant admits that Plaintiffs have pled causes of action under California statues. Defendant admits that the amount in controversy for Plaintiff Pedroza's claims is less than $75,000.00. Defendant denies the remainder of the allegations in this paragraph.

### III.

### THE PARTIES

5. Paragraph 5: Defendant admits the approximate dates that Defendant employed Plaintiff Espinoza. Defendant admits the address of its

Southern California Supply Chain Center. Defendant denies the remainder of the allegations in this paragraph.

6. Paragraph 6: Defendant admits the approximate dates that Defendant employed Plaintiff Pedroza. Defendant admits the address of its Southern California Supply Chain Center. Defendant denies the remainder of the allegations in this paragraph.

7. Paragraph 7: Defendant denies that employees from the Northern California Supply Chain Center regularly assisted at the Southern California Supply Chain Center during the actionable period. Defendant denies that employees from the Southern California Supply Chain Center regularly assisted at the Northern California Supply Chain Center during the actionable period. Defendant admits the remainder of the allegations in this paragraph.

8. Paragraph 8: Defendant does not currently own any California restaurants. Defendant denies that it transacts millions of dollars per year of business in California selling food and beverages through its restaurants. Defendant admits the remainder of the allegations in this paragraph.

9. Paragraph 9: Defendant admits the allegations in this paragraph.

## IV.

## CLASS ACTION ALLEGATIONS

10. Paragraph 10: Upon information and belief, Defendant admits that Plaintiffs' make the allegations they seek to allege in this paragraph. Defendant denies the remainder of the allegations in this paragraph.

11. Paragraph 11: Defendant lacks sufficient information to admit or deny Plaintiffs' belief regarding the size of the putative class. Defendant admits that there have been over 100 drivers and route pros

-3-
ANSWER TO FIRST-AMENDED COMPLAINT

LA1 6758564.2

total in California during the putative class period. Defendant denies the remainder of the allegations in this paragraph.

12. Paragraph 12: Defendant admits that Plaintiffs were employed as drivers for Defendant and were not exempt from California meal period laws. Defendant denies the remainder of the allegations in this paragraph.

13. Paragraph 13: Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph.

14. Paragraph 14: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that this paragraph purports to contain any allegations of fact, Defendant denies each and every allegation contained in this paragraph.

15. Paragraph 15: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that this paragraph purports to contain any allegations of fact, Defendant denies each and every allegation contained in this paragraph.

16. Paragraph 16: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that this paragraph purports to contain any allegations of fact, Defendant denies each and every allegation contained in this paragraph.

17. Paragraph 17: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that this paragraph purports to contain any allegations of fact,

Defendant denies each and every allegation contained in this paragraph.

## V.

## **SUMMARY OF ALLEGATIONS**

18. Paragraph 18: Defendant denies the existence of a class or class period, but admits the remainder of the allegations in this paragraph.

19. Paragraph 19: Defendant denies the existence of a class or class period, but admits the remainder of the allegations in this paragraph.

20. Paragraph 20: Defendant admits that its California drivers and route pros made deliveries in California during the actionable period. Defendant denies the remainder of the allegations in this paragraph.

21. Paragraph 21: Defendant denies the existence of a class or class period, but admits that members of the putative class, as defined by Plaintiffs, drove and/or assisted with trucks that deliver food and other supplies to various establishments in California. The remaining allegations in this paragraph are conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that this paragraph purports to contain any further allegations of fact, Defendant denies each and every remaining allegation in this paragraph.

22. Paragraph 22: Defendant denies each and every allegation contained in this paragraph.

23. Paragraph 23: Defendant admits that Defendant maintained records of the recorded start and end time of each delivery made by its drivers and route pros through a Global Positing System that was available in each truck. Defendant denies the remainder of the allegations in this paragraph.

24. Paragraph 24: Defendant denies each and every allegation contained in this paragraph.

25. Paragraph 25: Defendant admits that it has the ability to and did notify drivers and route pros of its meal period policy. Defendant admits that it has the cellular phone numbers of its drivers and route pros. Defendant denies the remainder of the allegations in this paragraph.

26. Paragraph 26: Defendant denies each and every allegation contained in this paragraph.

27. Paragraph 27: Defendant denies each and every allegation contained in this paragraph.

28. Paragraph 28: Defendant denies each and every allegation contained in this paragraph.

29. Paragraph 29: Defendant denies each and every allegation contained in this paragraph.

30. Paragraph 30: Defendant admits that Plaintiff Espinoza's employment with Defendant ended on or about August 1, 2007. Defendant denies the remainder of the allegations in this paragraph.

31. Paragraph 31: Defendant denies each and every allegation contained in this paragraph.

## VI.

## CAUSES OF ACTION

### First Cause of Action (Failure to Provide Meal Periods)

32. Paragraph 32: Upon information and belief, Defendant admits that Plaintiffs' make the allegations they seek to allege in this paragraph. Defendant incorporates its response to paragraphs 1 through 31,

-6-
ANSWER TO FIRST-AMENDED COMPLAINT

1  herein. Defendant denies the remainder of the allegations in this
2  paragraph.
3     33. Paragraph 33: This paragraph contains conclusions of law as opposed
4  to allegations of fact, and as such, no answer is required. To the
5  extent that this paragraph purports to contain any allegations of fact,
6  Defendant denies each and every allegation contained in this
7  paragraph.
8     34. Paragraph 34: This paragraph contains conclusions of law as opposed
9  to allegations of fact, and as such, no answer is required.
10     35. Paragraph 35: This paragraph contains conclusions of law as opposed
11  to allegations of fact, and as such, no answer is required.
12     36. Paragraph 36: This paragraph contains conclusions of law as opposed
13  to allegations of fact, and as such, no answer is required.
14     37. Paragraph 37: This paragraph contains conclusions of law as opposed
15  to allegations of fact, and as such, no answer is required.
16     38. Paragraph 38: This paragraph contains conclusions of law as opposed
17  to allegations of fact, and as such, no answer is required.
18     39. Paragraph 39: Defendant denies each and every allegation contained
19  in this paragraph.
20     40. Paragraph 40: Defendant denies each and every allegation contained
21  in this paragraph.
22     41. Paragraph 41: Defendant denies each and every allegation contained
23  in this paragraph.
24     42. Paragraph 42: This paragraph contains conclusions of law as opposed
25  to allegations of fact, and as such, no answer is required.
26     43. Paragraph 43: This paragraph contains conclusions of law as opposed
27  to allegations of fact, and as such, no answer is required.
28

44. Paragraph 44: Defendant denies each and every allegation contained in this paragraph.

**Second Cause of Action (Failure to Provide Accurate Itemized Wage Statements)**

45. Paragraph 45: Upon information and belief, Defendant admits that Plaintiffs' make the allegations they seek to allege in this paragraph. Defendant incorporates its response to paragraphs 1 through 44, herein. Defendant denies the remainder of the allegations in this paragraph.

46. Paragraph 46: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

47. Paragraph 47: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

48. Paragraph 48: Defendant denies each and every allegation contained in this paragraph.

49. Paragraph 49: Defendant denies each and every allegation contained in this paragraph.

50. Paragraph 50: Defendant denies each and every allegation contained in this paragraph.

**Third Cause of Action (Failure to Pay Compensation Due Upon Separation from Employment)**

51. Paragraph 51: Upon information and belief, Defendant admits that Plaintiffs' make the allegations they seek to allege in this paragraph. Defendant incorporates its response to paragraphs 1 through 50, herein. Defendant denies the remainder of the allegations in this paragraph.

52. Paragraph 52: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

53. Paragraph 53: Defendant denies each and every allegation contained in this paragraph.

54. Paragraph 54: Defendant denies each and every allegation contained in this paragraph.

### Fourth Cause of Action (Unpaid Wages)

55. Paragraph 55: Upon information and belief, Defendant admits that Plaintiffs' make the allegations they seek to allege in this paragraph. Defendant incorporates its response to paragraphs 1 through 54, herein. Defendant denies the remainder of the allegations in this paragraph.

56. Paragraph 56: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that this paragraph purports to contain any allegations of fact, Defendant denies each and every allegation contained in this paragraph.

57. Paragraph 57: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that this paragraph purports to contain any allegations of fact, Defendant denies each and every allegation contained in this paragraph.

58. Paragraph 58: Defendant denies each and every allegation contained in this paragraph.

59. Paragraph 59: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

-9-
ANSWER TO FIRST-AMENDED COMPLAINT

LA1 6758564.2

60. Paragraph 60: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

61. Paragraph 61: Defendant denies each and every allegation contained in this paragraph.

62. Paragraph 62: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that this paragraph purports to contain any allegations of fact, Defendant denies each and every allegation contained in this paragraph.

63. Paragraph 63: Upon information and belief, Defendant admits that Plaintiffs request the relief they claim to seek in this paragraph. Defendant denies the remainder of the allegations in this paragraph.

**Fifth Cause of Action (Unfair Business Practices)**

64. Paragraph 64: Upon information and belief, Defendant admits that Plaintiffs' make the allegations they seek to allege in this paragraph. Defendant incorporates its response to paragraphs 1 through 63, herein. Defendant denies the remainder of the allegations in this paragraph.

65. Paragraph 65: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

66. Paragraph 66: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

67. Paragraph 67: Defendant denies each and every allegation contained in this paragraph.

68. Paragraph 68: This paragraph contains conclusions of law as opposed to allegations of fact, and as such, no answer is required.

69. Paragraph 69: Defendant denies each and every allegation contained in this paragraph.

70. Paragraph 70: Defendant denies each and every allegation contained in this paragraph.

71. Paragraph 71: Defendant denies each and every allegation contained in this paragraph.

72. Paragraph 72: Defendant denies each and every allegation contained in this paragraph.

73. Paragraph 73: Defendant denies each and every allegation contained in this paragraph.

74. Paragraph 74: Defendant denies each and every allegation contained in this paragraph.

## VII.

## DEMAND FOR JURY TRIAL

75. Paragraph 75: Defendant admits that Plaintiffs are making a demand for a jury trial for all issues so triable. Defendant denies the remainder of the allegations in this paragraph.

## VIII.

## PRAYER FOR RELIEF

1. Defendant denies that Plaintiffs are entitled to the relief sought in their Prayer for Relief ¶¶ 1-7.

### SEPARATE AND AFFIRMATIVE DEFENSES

1. In further answer to Plaintiffs' FAC, and as separate and distinct affirmative defenses, Defendant alleges as follows:

///

///

-11-
ANSWER TO FIRST-AMENDED COMPLAINT

LA1 6758564.2

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

2. Neither Plaintiffs' FAC nor any purported cause of action therein alleged states facts sufficient to constitute claims upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

3. Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure §§ 335.1, 337, 338, 339, and 340, California Business and Professions Code § 17208, and Labor Code § 203.

## THIRD AFFIRMATIVE DEFENSE
(Laches)

4. Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and, thus, Plaintiffs' claims, are barred by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
(Estoppel and Waiver)

5. Plaintiffs' FAC, and each and every cause of action alleged therein, is barred by the doctrines of estoppel and waiver.

## FIFTH AFFIRMATIVE DEFENSE
(Reasonableness and Good Faith)

6. Defendant and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiffs are barred from any recovery in this action.

SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7. Plaintiffs' FAC, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

(Exemption Status)

8. Plaintiffs were exempt employees under the California Labor Code and the applicable Industrial Welfare Commission Wage Order for purposes of overtime pay requirements.

### DEFENDANT'S PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their FAC on file herein;

2. That judgment be entered in favor of Defendant and against Plaintiffs, and those persons in the putative class, on all causes of action;

3. That Defendant be awarded reasonable attorney's fees according to proof;

4. That Defendant be awarded their costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: January 12, 2009           SEYFARTH SHAW LLP


                                  By _____
                                     Andrew M. Paley
                                     Hayley E. Macon
                                     Attorneys for Defendant
                                     DOMINO'S PIZZA, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                     ) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On January 12, 2009, I served the within documents:

**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST-AMENDED COMPLAINT**

☐ I sent such document from facsimile machine (310) 201-5219 on June 26, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Michael Malk, Esq.<br>MALK LAW FIRM<br>1180 S. Beverly Drive<br>Suite 600<br>Los Angeles, CA 90035<br>**Co-Counsel for Plaintiffs** | Barry Goldstein, Esq.<br>GOLDSTEIN, DEMCHAK, BALLER,<br>BORGEN & DARDARIAN<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>**Co-Counsel for Plaintiffs** |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on January 12, 2009, at Los Angeles, California.

_____
Heidi Schmid

LA1 6668096.1