1  SEYFARTH SHAW LLP
   Andrew M. Paley (SBN 149699) apaley@seyfarth.com
2  Hayley E. Macon (SBN 224530) hmacon@seyfarth.com
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  Attorneys for Defendant
   DOMINO'S PIZZA LLC

              UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECTO ESPINOZA AND CESAR PEDROZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINO'S PIZZA, LLC, a Michigan Limited Liability Company; DOMINO'S PIZZA DISTRIBUTION, LLC, a Michigan Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. EDCV 07-1601-VAP (OPx)<br><br>**DOMINO'S PIZZA LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOMINO'S MOTION TO STAY DISCLOSURES, DISCOVERY AND MOTION PROCEEDINGS PENDING APPELLATE RESOLUTION OF: (1) DEFENDANT'S PETITION FOR PERMISSION TO APPEAL FROM ORDER GRANTING CLASS CERTIFICATION; AND (2) IF PERMISSION IS GRANTED, ITS APPEAL**<br><br>Date: June 1, 2009<br>Time: 10:00 a.m.<br>Ctrm: 2 |

LA1 6779687.1

## I. INTRODUCTION

On March 4, 2009, Domino's Pizza LLC ("Domino's" or "Defendant") filed a Petition with the Ninth Circuit pursuant to Rule 23(f) requesting permission immediately to appeal this Court's Order granting Class Certification [Dkt. No. 09-80046, ("Order")]. Domino's Petition asks the Court of Appeals to resolve important legal questions raised by the Order, which have significance far beyond this case. If the Court of Appeals answers those questions in Domino's favor, this case may not proceed as a class action; if the Court of Appeals resolves these questions in Plaintiffs' favor, it may lay these threshold legal questions to rest. The Court of Appeals has not yet ruled on Domino's Petition.

Domino's respectfully requests that the Court stay further proceedings pending final disposition of the Petition and if necessary, the Appeal. Domino's believes it has more than a reasonable chance of success on its Petition, given the issues addressed in the Order. Further, the balance of hardships tilts sharply in Domino's favor. Continued proceedings here would require a substantial investment of time and resources with respect to claims that might not be eligible for class treatment. Conversely, a stay will not prejudice Plaintiffs. If the petition is denied and Plaintiffs are able to establish liability, interest would accrue on any claim for unpaid wages. Finally, a stay will benefit the public by furthering judicial economy, and possibly avoiding unnecessary notice to class members.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court is familiar with the facts underlying this action. On February 18, 2009, the Court's Order granted Plaintiffs' Motion for Class Certification, defining the meal-period Class as follows:

> All current and former non-exempt employees of DOMINO'S PIZZA, LLC who were based out of the Southern California Distribution Center in Ontario, California or the Northern California Distribution Center in Hayward, California, and whose job responsibilities at any time during the period from October 29, 2003 through the present (the

-2-

"Class Period"), included driving trucks and/or acting as an assistant driver (also known as a "Route Pro") on the trucks which delivered supplies from a distribution center to various establishments in California.

Pursuant to Rule 23(f), Domino's filed a Petition for permission to appeal the order with the Ninth Circuit on March 4, 2009. Declaration of Hayley Macon ¶ 2. Domino's petition is timely. Domino's Petition asks the Court of Appeals to grant interlocutory review of this Court's class certification order. Domino's hopes to have a ruling on the petition by early June 2009. It believes the Ninth Circuit may review the matter because of the importance of the legal questions involved.

## III. LEGAL ARGUMENT

An appeal pursuant to Rule 23(1) "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). Rule 26 grants district courts broad powers to stay or limit a party's discovery and disclosure obligations. Rule 26(b)(2) provides that:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules…shall be limited by the court if it determines that: …(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Rule 26(c) further provides that:

> [F]or good cause shown, the court in which the action is pending…may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including…(1) that the disclosure or discovery not be had….

Rule 26(d) also provides that a district court may enter an order controlling the timing and sequence of discovery "upon motion, for the convenience of parties and witnesses and in the interests of justice."

-3-

LA1 6779687.1

District courts routinely stay discovery and disclosure proceedings in cases involving appeals of class certification decisions.[1] Such stays pending the resolution of interlocutory appeals are intended to promote judicial efficiency and ensure fairness to the litigants.[2] A stay of proceedings in the trial court pending the outcome of an appeal is particularly appropriate where, as here, there are substantial grounds for differences of opinion concerning the controlling legal principles and their proper application.[3] A court might also grant a stay to eliminate the possibility of duplicative or unnecessary litigation.[4]

Courts generally recognize that a rational discovery plan depends upon a final and definitive determination of the scope of the litigation at the appellate level. Thus, a stay of discovery is particularly appropriate where, as here, denial of a stay will substantially increase the scope of potentially unnecessary discovery obligations. Here, given the magnitude and anticipated costs of the discovery in a class action and the risk that those expenses will prove unnecessary and

---

[1] *See, e.g., Chavez v. IBP, Inc.*, 2002 WL 32145647 at *2 (E.D. Wash. Dec. 23, 2002) (granting stay where successful appeal would decrease class size from 3,900 to 1,100 members, substantially reducing the scope of discovery); *Vinole v. Countrywide Home Loans Inc.*, No. CV07-0127 DMS (WMc) (S.D. Cal. Dec. 4, 2007).

[2] *See, e.g., Clinton v. Jones*, 520 U.S. 681, 683 (1997) (recognizing a stay may be appropriate when the court properly takes into account the effect of delay and the stage of the proceedings; "[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Leyva v. Grocers of Cal. Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979), *cert. denied sub nom.*, 444 U.S. 827 (1979); *Magnesystems, Inc. v. Nikken, Inc.*, 1994 WL 808421 at *6 (C.D. Cal. Aug. 8, 1994) (adopting defendant's argument that if it prevails on appeal, plaintiff would be entitled to no damages, and until issue of liability is resolved, it should be spared the expense of potentially unnecessary discovery; "[R]egardless of whether the expense is great or small, any needless expense is to be avoided.").

[3] *Haley v. Medtronic, Inc.*, 1995 WL 688240 at *1 (C.D. Cal. June 9, 1995) (substantial grounds for differences of opinion as to preemption issue justified stay during interlocutory appeal).

[4] *See, e.g., Akins v. Rodriquez*, 15 F.3d 883, 887 n.2 (9th Cir. 1994); *Cook v. Layman*, 2001 WL 758631 at *1 (E.D. Cal. May 17, 2001).

-4-

LA1 6779687.1

irretrievably lost if the appeal succeeds, it is grossly unfair to Domino's, and not in the best interests of judicial economy, to allow disclosure and discovery proceedings to continue during Defendant's appeal.

In determining whether to stay an action, the "critical element …is the relative hardship to the parties."[5] Under this standard, courts will stay an action where the moving party shows either, "(1) a probability of success on the merits and the possibility of irreparable injury; or (2) that serious legal questions are raised and that the balance of hardships tips sharply in its favor."[6] These tests are not separate, but are two extremes of a single continuum.[7] Relevant factors include:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[8]

These factors warrant a stay of further proceedings in this action.

### A. Domino's Petition for Permission to Appeal Presents Substantial and Unique Legal Issues, and There Is a Reasonable Likelihood the Ninth Circuit Will Agree to Consider These Issues on Appeal.

Domino's petition raises serious, unresolved legal issues for determination by the Ninth Circuit, and an appeal would present the opportunity for that court to address important issues of class action law.

---

[5] *Chavez*, 2002 WL 32145647 at *1.

[6] *Costco Wholesale Corp. v. Hoen*, 2006 WL 2645183 at *2 (W.D. Wash. Sept. 14, 2006); *Lowden v. T-Mobile USA, Inc.*, 2006 WL 1896678, at * 1 (W.D. Wash. July 10, 2006).

[7] *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

[8] *Costco*, 2006 WL 2645183, at *2 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Lowden*, 2006 WL 1896678, at **1 — 2 (applying factors); *In re Lorazepam and Clorazepate Antitrust Litigation*, 208 F.R.D. 1, 3 (D.D.C. 2002) (same).

-5-

Domino's primary basis for contesting the class certification decision is the Court's reliance on Domino's routing system and communications as a legally-sufficient basis for Plaintiffs to establish the class-wide denial of meal breaks using common proof. Domino's presented authenticated, unchallenged numerical data demonstrating wide variance among employees' route times. These data demonstrate substantial variance in the amount of available time drivers and route pros had for meal periods. Thus, the reason why a particular meal period was missed is highly individualized and cannot be assumed to be the result of time pressure in all instances. In this sense, the route data refutes Plaintiff's argument that Domino's scheduling process will allow them to prove on a class-wide basis that it was impossible for every class member to take a break on every route. This evidence also has a direct bearing on whether the feelings of time pressure that purportedly prevented meal periods referenced by Plaintiffs' declarants were reasonable both individually and overall.

The evidence regarding Domino's communications also shows that there is conflict among class members regarding the communications they received regarding meal periods. While Domino's provided declarations stating that certain class members had been told that they could take meal breaks, Plaintiffs provided declarations of certain class members saying that they felt too much time pressure on routes to stop for meals. The Court treated these conflicting declarations as contradictions in proof, whereas they actually show critical differences among class members. In many instances, these differences could be explained by the route data showing wide variance in the amount of available time for meals from route to route.

If the Ninth Circuit agrees with Domino's that individualized issues predominate and common proof cannot be used to determine liability or damages in this case, then the scope of the litigation will obviously be significantly altered.

### B. A Stay Would Avoid the Substantial Burden and Expense of Potentially Unwarranted Merits Disclosure and Discovery.

If Domino's Petition is granted, significant and substantial investigation, disclosure, motion, and discovery costs may ultimately prove to be unnecessary and avoidable. Even if the order is only modified to exclude individuals employed in Domino's Northern California Distribution Center, such an amendment might substantially reduce the size of the class, and thus directly reduce the scope of the disclosure and discovery obligations and their related expenses. For example, class-wide discovery would likely involve requests for driver logs and route plans for every putative class member on every single route they drove during the putative class period. This would amount to several hundreds or even thousands of pages of data for each class member. This data is costly, time-consuming, and burdensome to collect. In the event that the class is eliminated or even reduced to only one California location, the scope of this burdensome discovery would significantly change.

Should the Ninth Circuit agree that Plaintiffs have failed to establish that their claims satisfy the Rule 23 requirements, discovery obligations will be limited to the two named Plaintiffs, such that all discovery pertaining to the 130-plus employees in the putative class will have been unnecessary, and all the expenses associated with that discovery be wasted. Conversely, a brief delay in the proceedings until the proper size and scope of the class can be finally established is unlikely to seriously injure anyone.

### C. Plaintiffs Will Not Be Prejudiced by the Requested Stay.

The time period between a stay order and the date the Ninth Circuit rules on Domino's petition for permission to appeal will likely be very short. If the petition is granted, then the requested stay will clearly be in the best interests of all parties. If the Ninth Circuit agrees with Domino's that Plaintiffs did not meet their burden

-7-

LA1 6779687.1

of establishing the requirements of Rule 23(a) & (b)(3), then discovery is only appropriate as to the named Plaintiffs, and not the remaining putative class members. It is in the best interest of all parties to await a final determination by the Ninth Circuit as to the proper size and scope of the class prior to further pretrial proceedings.

Additionally, a stay will promote judicial economy. If a stay is not ordered, the Court might be required to hear motions over discovery disputes and other matters that might ultimately prove irrelevant to the final resolution of this action. If Notice is sent to the class and the Ninth Circuit grants Domino's petition, a supplemental corrective notice would need to be sent to class members, which would create confusion.

## IV. CONCLUSION

For the reasons set forth above, Defendant Domino's Pizza LLC respectfully requests that an order should be immediately issued staying all mandatory disclosure and discovery obligations, and all non-emergency motion practice in this action pending the Ninth Circuit's final determination of the issues raised in Domino's petition for permission to appeal under FRCP Rule 23(g) and FRAP Rule 5, and its proposed appeal of this Court's February 18, 2009 class certification order.

DATED: April 29, 2009                                  SEYFARTH SHAW LLP


By: /s/ Hayley E. Macon
　　Andrew M. Paley
　　Hayley E. Macon
Attorneys for Defendant
DOMINO'S PIZZA, LLC

LA1 6779687.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF LOS ANGELES   )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On May 5, 2009, I served the within documents:

**DOMINO'S PIZZA LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOMINO'S MOTION TO STAY DISCLOSURES, DISCOVERY AND MOTION PROCEEDINGS PENDING APPELLATE RESOLUTION OF: (1) DEFENDANT'S PETITION FOR PERMISSION TO APPEAL FROM ORDER GRANTING CLASS CERTIFICATION; AND (2) IF PERMISSION IS GRANTED, ITS APPEAL**

☐ I sent such document from facsimile machine (310) 201-5219 on June 26, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Michael Malk, Esq.<br>MALK LAW FIRM<br>1180 S. Beverly Drive<br>Suite 600<br>Los Angeles, CA 90035<br>**Co-Counsel for Plaintiffs** | Barry Goldstein, Esq.<br>GOLDSTEIN, DEMCHAK, BALLER,<br>BORGEN & DARDARIAN<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>**Co-Counsel for Plaintiffs** |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on May 5, 2009, at Los Angeles, California.

_____
Heidi Schmid

LA1 6668096.1