UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| PERFECTO ESPINOZA and CESAR PEDROZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DOMINO'S PIZZA LLC, a Michigan Limited Liability Company, DOMINO'S PIZZA DISTRIBUTION LLC, a Delaware Limited Liability Company, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. EDCV 07-1601-VAP (OPx)<br>Honorable Virginia A. Phillips<br><br>**NOTICE OF CLASS ACTION SETTLEMENT** |

BENNETM\SWDMS\12170611.1

Exhibit 2

**TO:** All current and former drivers and route pros of Domino's Pizza LLC ("Domino's") based out of the facilities located at the Southern California Distribution Center in Ontario, California, and the Northern California Distribution Center in Hayward, California, at any time during the period from October 29, 2003, to date of Preliminary Approval **[TBD]**.

You have received this Notice of Class Action Settlement because you have been identified as a potential member of a proposed settlement class in the above-captioned lawsuit. The settlement class includes:

> All current and former non-exempt employees of Domino's who were based out of the Southern California Distribution Center in Ontario, California, or the Northern California Distribution Center in Hayward, California, and whose job responsibilities at any time during the period from October 29, 2003, through the date of Preliminary Approval included driving trucks and/or acting as an assistant driver or a driver helper (also, route pro) on the trucks which delivered supplies from a distribution center to various establishments in California.

### I.     INTRODUCTION

This "NOTICE OF CLASS ACTION SETTLEMENT" ("NOTICE") is to inform you that Domino's has agreed to settle a class action lawsuit claiming, among other things, that Domino's violated various California state labor laws by allegedly failing to: provide timely off-duty meal breaks, issue accurate itemized wage statements, pay all wages due at separation from employment, and pay for nondriving work time.

IF YOU ARE A MEMBER OF THE CLASS, YOU SHOULD READ THIS NOTICE BECAUSE IT WILL AFFECT YOUR RIGHTS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR

DEFENSES ASSERTED BY EITHER SIDE IN THIS LITIGATION. THE SOLE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF THE LAWSUIT SO THAT YOU CAN MAKE AN INFORMED DECISION AS TO WHETHER YOU SHOULD REMAIN IN OR OPT OUT OF THIS CLASS ACTION SETTLEMENT.

YOU SHOULD RETAIN ALL RECORDS AND DOCUMENTS PERTAINING TO THE SUBJECT MATTER OF THIS CASE.

This Notice will inform you of the following:

- A PROPOSED SETTLEMENT OF THE CASE.

- YOUR POTENTIAL RIGHT TO RECEIVE A SHARE OF THE SETTLEMENT FUNDS.

- YOUR RIGHT TO CHALLENGE THE NUMBER OF WORK WEEKS USED TO COMPUTE YOUR SHARE OF THE SETTLEMENT, SUBJECT TO THE PRESUMPTION THAT DOMINO'S RECORDS WILL CONTROL.

- YOUR RIGHT TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT.

- YOUR RIGHT TO EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT BY "OPTING OUT."

- THE ESTIMATED AMOUNT OF YOUR PROJECTED POTENTIAL SHARE OF THE SETTLEMENT.

II.  **DESCRIPTION OF THE LAWSUIT**

On October 29, 2007, Plaintiffs Perfecto Espinoza and Cesar Pedroza ("Plaintiffs") filed a class action complaint ("Complaint") against Domino's in the San Bernardino County Superior Court, on behalf of themselves and other similarly-situated current and former employees. Domino's subsequently removed the case to the United States District Court for the Central District of California. On October 20, 2008, Plaintiffs filed a First Amended

Exhibit 2

Complaint. Plaintiffs alleged, *inter alia*: 1) failure to provide off-duty meal breaks during employment ; (2) failure to issue accurate, itemized wage statements; (3) failure to pay wages at the time of separation; and (4) failure to pay for nondriving work time. Plaintiffs alleged causes of action for violations of the California Labor Code, Industrial Wage Commission Orders, and the California Business and Professions Code, and also sought attorneys' fees and costs.

**Domino's has denied all liability and has denied all of the allegations in the Complaint and the First Amended Complaint.** Domino's contends that it fully complied with all applicable laws and that it provided each of its drivers with timely off-duty meal breaks, issued accurate, itemized wage statements, paid all wages due at the time of separation, and paid all wages due for nondriving work time. Domino's wishes to settle this litigation to avoid costly, disruptive, and time-consuming litigation.

On February 18, 2009, the United States District Court for the Central District of California certified this case as a class action as follows:

> All current and former non-exempt employees of Domino's who were based out of the Southern California Distribution Center in Ontario, California, or the Northern California Distribution Center in Hayward, California, and whose job responsibilities at any time during the period from October 29, 2003, through **[the date of preliminary approval]** (hereinafter "Covered Period") included driving trucks and/or acting as an assistant driver or a driver helper (hereinafter "Route Pro") on the trucks which delivered supplies from a distribution center to various establishments in California (the "Meal Break Class");

> All current and former employees of Domino's, paid on a piece-rate basis, who were based out of the Southern California Distribution Center in Ontario, California, or the Northern California Distribution Center in Hayward, California, and who performed at least one inspection of a truck before or after driving a route between June 25, 2004, through June 1, 2006 (the "Inspection Work Class");

BENNETM\SWDMS\12170611.1

Exhibit 2

>    The "California Labor Code Section 203 Class," coextensive with the Meal Break Class; and
>
>    The "California Labor Code Section 226 Class," coextensive with the Meal Break Class.

Plaintiffs and their counsel believe that the settlement described below is fair, adequate, reasonable, and in the best interests of Plaintiffs and the Class.

On **[TBD]**, the Court preliminarily approved the settlement and conditionally certified the settlement class. This NOTICE is being sent to you because the records of Domino's indicate that you were employed as a driver or a route pro based out of the facility at the Southern California Distribution Center in Ontario, California, or the Northern California Distribution Center in Hayward, California at some time during the period from October 29, 2003 to the date of Preliminary Approval, **[TBD]**. If you are part of the Class, this settlement may affect your rights.

KEY TERMS OF THE SETTLEMENT AGREEMENT

A.   Domino's has agreed to pay One Million and Four-Hundred Fifty Thousand dollars ($1,450,000.00) (the "Settlement Fund") to resolve all claims described above and as specified in the Settlement Agreement.

B.   The Court has approved on a preliminary basis payment of thirty percent (30%) percent or Four-Hundred Thirty Five Thousand dollars ($435,000.00) of the Settlement Fund to Plaintiffs' attorneys for attorneys' fees, with an additional Twenty Thousand dollars ($20,000.00) to cover Plaintiffs' attorneys' costs and expenses.

C.   The Court has preliminarily approved the costs of administering the settlement, which is estimated to be no more than Fifteen Thousand dollars ($15,000.00), which will be paid from the Settlement Fund.

D.   The Court also has preliminarily approved payment to the individually named plaintiffs Perfecto Espinoza and Cesar Pedroza of Ten Thousand dollars ($10,000.00) each for their time and effort in this litigation, for a total of Twenty Thousand ($20,000.00). The payment will be made out of the Settlement Fund.

E.   The Court also has preliminarily approved payment of Five Thousand dollars

Exhibit 2

($5,000.00) to the California Labor and Workforce Development Agency, which amount will be paid from the Settlement Fund.

F.   All of the amounts identified above in Sections B through E will be deducted from the Settlement Fund prior to calculation of the settlement shares for all eligible Class Members. The balance after these deductions will be paid on a pro rata basis to each class member based on the number of actual weeks worked as a driver during the Covered Period (not including holidays, vacation, workers' compensation, or any other paid or unpaid leave time), and after resolution of any challenges (See Section IV below).

G.   If you do not wish to participate in the Class Settlement, you may opt out by signing and timely submitting the enclosed "Election To Opt-Out From Class Action Settlement."

PLEASE NOTE: This NOTICE provides only a summary of the most pertinent terms and conditions of the settlement. The complete terms of the proposed settlement are stated in the Settlement Agreement that has been preliminarily approved by the Court. You may obtain a copy of the Settlement Agreement from Plaintiffs' attorneys **[Names and Address]** or the United States District Court for the Central District of California, Eastern Division, located at 3470 Twelfth Street, Riverside, CA 92501. Or, you may access these documents for a fee through the Internet website of the Administrative Office of U.S. Courts, at http://www.Pacer.gov.

III.   **YOUR POTENTIAL SHARE OF THE SETTLEMENT MONIES AND YOUR RIGHT TO CHALLENGE EMPLOYMENT DATES**

    A.   **Claimant Information**

        1.   Full Name:

        2.   Social Security Number:

        3.   Address:

        4.   Phone Number:

    B.   **Current Employees**

Exhibit 2

1. If you are <u>currently</u> an employee of Domino's and you wish to receive payment, you do <u>not</u> need to take any action to receive your share of the settlement money unless you disagree with the number of weeks worked. Current employees who are eligible Class members will receive their payments unless they decide to opt out of the Class.

C. **Former Employees**

1. If you are <u>no longer an employee</u> of Domino's, to qualify for payment, you must send in a Claim Form to receive your money. The Claim Form is attached to this Notice. If you are no longer employed by Domino's and you wish to receive payment, you must submit a Claim Form on or before **[TBD]**.

2. If the Court grants final approval of the settlement, if you are determined to be a qualifying Class member, and if you fully complete and timely submit the Claim Form, you will receive a share of the Settlement Fund based on the number of weeks you worked as a driver or route pro during the Covered Period (not including holidays, vacation, workers' compensation, or any other paid or unpaid leave time).

D. **Potential Share**

1. Your potential share of the settlement is based on the number of weeks you worked for Domino's as a driver or route pro (not including holidays, vacation, workers' compensation, or any other paid or unpaid leave time) from October 29, 2003, to the date of Preliminary Approval, **[TBD]**. Domino's records show that, within that period, you worked for the following number of weeks: _____. Based on this information, your estimated potential share of the settlement is $_____. Your actual final potential share may vary from this amount depending on the number of total weeks claimed by class members and verified in the challenge resolution process.

E. **Challenges to Work Weeks**

1. You have a right to challenge the number of weeks you worked by using the procedure described below, subject to a presumption that Domino's records will control. The exact amounts of the individual awards will be calculated after all challenges are resolved, but your estimated share of the Settlement Fund is identified below.

2. To file a challenge, complete **the "Correction to Number of Weeks Worked" section** on page 4 of the enclosed Claim Form stating the dates corresponding to the weeks you contend you worked as a driver or a

Exhibit 2

        route pro during the Covered Period. Note that time off of work for holidays, vacation, workers' compensation, or any other paid or unpaid leave time will not be counted as weeks worked.

3. If you challenge the number of weeks reported on the Claim Form, counsel for the parties, in conjunction with the Claims Administrator, will review your Domino's records to determine whether the weeks you worked as a driver during the Covered Period are correct as stated in the Claim Form. If you submit such a challenge to the weeks worked as listed on this notice, you should submit at the same time any written documentation that you have supporting your contention that you worked more weeks as a driver or route pro during the Covered Period that is indicated on this notice.

4. Your potential share of the Settlement Fund may be increased or decreased as a result of this process. The decision regarding the number of weeks you worked as a driver during the covered period will be based on the information contained in the records of Domino's. Domino's records will prevail over what you state on the Challenge to Weeks Worked Form, unless you provide persuasive documentation that proves that Domino's records are in error. The decision of the Parties' attorneys made after reviewing Domino's records and any information you provide will be final and will not be subject to appeal.

IV. **CONSEQUENCES OF CLASS MEMBERSHIP ELECTION TO OPT OUT/NOT TO OPT OUT**

A. You may request that the Court exclude you from the class by properly completing and timely submitting an Election To Opt Out of Class Action Settlement Form, discussed below. In other words, you have the choice of joining the class or electing to exclude yourself from the class. Either course has certain consequences, and you are advised to discuss your election with your own attorney.

B. **Joining the Class**

1. If you are 1) a current employee and do nothing, or 2) a former employee and complete and timely submit the Claim Form or do nothing:

2. You will be represented by the existing class representatives and the attorneys acting on behalf of the class identified above at no cost to you.

3. You will receive notice of any ruling affecting the size of the class and notice of any proposed settlement or dismissal of class claims or any judgment rendered. However, you may, if you so desire, enter an appearance through another attorney by mailing a Notice of Appearance

Exhibit 2

    to the clerk of the court at the address for the Clerk set forth below.

4.  You will be bound by any judgment or other final disposition of the class lawsuit, whether the disposition is favorable or unfavorable.

5.  You may participate in a distribution of any damages recovered or settlement obtained in the litigation. As to former employees, participation is contingent upon fully completing and timely submitting a Claim Form.

6.  Release.

  a.  The full release appears in the Settlement Agreement. By way of summary:

    1)  In consideration of the mutual covenants, promises, and representations set forth in this Agreement, and except for the rights, duties and obligations created by this Agreement, each Class Member (other than those Class Members who timely and properly opt out of the Agreement) on their own behalf and on behalf of their current, former, and future heirs, spouses, children, offspring, executors, trustees, administrators, attorneys, agents, personal and legal representatives, successors, and assigns, do hereby and forever release, waive, acquit, and discharge Defendant and the Released Parties from any and all Covered Claims (defined below) for or by reason of any cause, matter or thing whatsoever, from the beginning of the world to the Effective Date of Settlement.

    2)  "Covered Claims" means any and all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind of nature, whether known or unknown, suspected or unsuspected, arising from the claims pled in this Lawsuit and any claims arising out of or related to the Lawsuit and any claims based on facts alleged in the operative complaint (including any complaint amended subsequent to execution of this Agreement), including, without limitation, all claims for failure to provide meal breaks, failure to pay for all hours worked, failure to issue accurate itemized wage statements, itemized wage statement penalties, and unfair business practices under the California Labor Code and

Exhibit 2

      California Business and Professions Code during the class period covered by the Lawsuit, asserted or that might have been asserted by any Class Member against the Released Parties through Preliminary Approval of the Settlement.

 C. **Opting Out of the Class**

  1. If you opt out of the class:

   a. You will not be bound by any disposition of the class action and you will retain any claims you may have against Domino's.

   b. You will not share in any recovery which might be paid to class members from the proposed settlement.

   c. You may bring a separate individual legal action against Domino's.

   d. Insofar as you are subject to an arbitration agreement with Domino's, Domino's reserves the full right to assert the arbitration agreement as a defense to any litigation that you institute and to argue that your claims are subject to binding arbitration and may not be litigated in court. Thus, in the event that you decide to opt out of the class and to bring any claims against Domino's, you may have to arbitrate such claims.

 D. **How to Opt-Out and Be Excluded From the Class and the Settlement**

  1. If you wish to be excluded from the class, you must complete the Election To Opt Out of Class Action Settlement Form attached hereto, and send it to the following address before **[TBD]**, which is the deadline for opting-out: Simpluris, Inc. 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626.

  2. If you want confirmation of delivery of your opt-out form, you should send it via certified mail, return receipt requested.

V. **OBJECTING TO THE SETTLEMENT**

 A. If you wish to object to this settlement, you must do so in writing. Written objections must state the basis for the objection, be filed with court at least fourteen (14) days before the final approval and fairness hearing (mailing address: United District Court, Central District of California, Eastern Division, Attention: Civil Filing; 3470 Twelfth Street, Riverside, CA 92501), be mailed to the Settlement Administrator as well as counsel for all parties in the action, and be received not later that **[TBD]**, which is

sixty (60) calendar days after the date of mailing of this Notice by the Settlement Administrator.

B.     The filing date and postmark date of the mailing service copies shall be deemed the exclusive means for determining that the objection is timely. The objection must state the factual and legal basis for the objection and must identify exhibits, if any, and/or witnesses, if any, that the objecting Class Member intends to present at the final fairness and approval hearing. No Class Member (or anyone claiming to be a Class Member) shall be entitled in any way to contest the approval of the terms and conditions of this Agreement or any order approving the Agreement except by filing and serving written objections in accordance with the Agreement. Any member of the Plaintiff Class who fails to exclude himself or herself from the Settlement Class in accordance with this Agreement, or who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising from, relating to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, in the Lawsuit.

## VI.   RIGHT TO APPEAR AT FINAL FAIRNESS HEARING

A.     All class members have a right to appear at the Final Fairness Hearing, which will take place on _____, 2010 at_____ in Courtroom 2 of the United District Court for the Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, CA 92501. You may appear at the hearing by yourself or through an attorney. If you do not appear at the hearing and you do not opt-out, then your interests will be represented by the attorneys for the class.

## VII.   NOTICE OF ATTORNEYS OF RECORD

A.     **PLEASE DO NOT CALL OR CONTACT THE COURT.** If you have any questions about the settlement, you may contact the Settlement Administrator Toll Free at: (800) 779-2104. You may also contact the Plaintiffs' lawyers at the address or phone number listed below.

B.     **THE ATTORNEYS REPRESENTING THE CLASS ARE:**

    MICHAEL MALK, ESQ., APC
    Michael Malk, Esq., (Bar No. 222366)
    1180 South Beverly Drive, Suite 610
    Los Angeles, CA 90035
    Telephone:   (310) 203-0016
    Facsimile:    (310) 499-5210
    www.malklawfirm.com

    BARRY GOLDSTEIN (Bar No. 141868)
    300 Lakeside Drive, Suite 1000

Oakland, CA  94612
Telephone:     (510) 287-4300
Facsimile:      (510) 835-1417

MELISSA M. HARNETT (Bar No. 164309)
JESSE B. LEVIN (Bar No. 268047)
WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone:     (818) 705-6800
Facsimile:      (818) 345-0162

C.  **THE ATTORNEYS REPRESENTING DOMINO'S ARE:**

Frank Cronin
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone:     (714) 427-7010
Facsimile:      (714) 427-7799
www.swlaw.com

## VIII.  CHANGE OF ADDRESS

A.    If you move after receiving this notice or if it was misaddressed, you should supply your name and correct address to:  Simpluris, Inc. 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626.

## IX.  NON-APPROVAL OF SETTLEMENT AGREEMENT

A.    If the Settlement Agreement is not finally approved by the Court, or if any of its conditions are not satisfied, the settlement will be voided, no money will be paid, and the case will revert to litigation. If that happens there is no assurance: (1) that any decision at trial would be in favor of class members; (2) that a trial decision, if any, would be as favorable to the class members as this settlement; or (3) that any favorable trial decision would be upheld if an appeal was filed.

## X.  NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

A.    On _____, 2011, the Court preliminarily approved the Settlement Agreement, finding that the settlement was fair and reasonable.  However, the Court has expressed no opinion regarding the merits of Plaintiffs' claims or of Domino's alleged liability.

BENNETM\SWDMS\12170611.1

Exhibit 2