O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PERFECTO ESPINOZA AND CESAR PEDROZA, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No. EDCV 07-1601-VAP (OPx) |
| | ) | **ORDER RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** |
| Plaintiff, | ) ) | **[Motion filed on April 26, 2012]** |
| v. | ) ) | |
| DOMINO'S PIZZA, LLC, a Michigan Limited Liability Company; DOMINO'S PIZZA DISTRIBUTION, LLC, a Michigan Limited Liability Company; and DOES 1-100, inclusive, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is an unopposed Motion for
Attorneys' Fees ("Motion") filed by Plaintiff Class
Counsel.  In addition, Plaintiffs seek an incentive
reward for the two Named Plaintiffs.  After considering
the papers in support of the Motion, the Court GRANTS
Plaintiffs' Motion.

# I.   BACKGROUND

## A.   Factual Background

Plaintiffs are current and former employees of Defendant Domino's Pizza, LLC ("Defendant"), who worked as drivers or assistant drivers at Defendant's distribution center in Hayward, California or Ontario, California.  (Doc. No. 35. (First Am. Compl. ("FAC")) ¶¶ 18-19.)  Named Plaintiff Perfecto Espinoza is a former truck driver for Defendant, and Named Plaintiff Cesar Pedroza is an assistant truck driver for Defendant.  (FAC ¶ 5.)  Named Plaintiffs allege that Defendant's delivery schedule prevented them from taking their required thirty-minute meal periods.  (FAC ¶ 22.)  Further, because of the monitoring technology in the trucks, Defendant knew that Plaintiffs were not taking their required meal periods.  (FAC ¶¶ 23-27.)

## B.   Procedural Background

On October 30, 2007, Plaintiffs filed a Complaint on behalf of themselves and all others similarly situated in the California Superior Court for the County of San Bernardino.  (Doc. No. 1.)  Defendant removed the action to this Court on December 5, 2007, on the basis of diversity jurisdiction and the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d)(2).  (Id.)

On December 2, 2008, Plaintiffs filed their FAC, asserting five claims for relief:

1.   Failure to provide timely meal periods, in violation of California Labor Code §§ 226.7, 512 and Industrial Welfare Commission ("IWC") Wage Order No. 9;

2.   Failure to provide accurate, itemized wage statements, in violation of California Labor Code §§ 226, 226.3;

3.   Failure to pay timely wages due at the time an employee is discharged, in violation of California Labor Code §§ 201-203;

4.   Unpaid wages, in violation of California Labor Code §§ 204, 218, 1194, 1194.2, 1197, 1198 and IWC Wage Order No. 9; and

5.   Unfair business practices, in violation of California Business and Professions Code § 17200, et seq.

On October 20, 2008, Plaintiffs filed a motion to certify the class, which the Court granted on February 18, 2009 ("February 18 Order"). (Doc. Nos. 25, 54.)  The February 18 Order certified the following classes:

1.   The Meal Break Class, defined as "[a]ll current and former non-exempt employees of DOMINO'S PIZZA, LLC (Defendant) who were based out of the Southern California Distribution Center in

3

Ontario, California []or the Northern California
Distribution Center in Hayward, California, and
whose job responsibilities at any time during
the period from October 29, 2003, through the
present (the 'Class Period'), included driving
trucks and/or acting as an assistant driver
(also known as a 'Route Pro') on the trucks
which delivered supplies from a distribution
center to various establishments in California."
(Feb. 19 Order at 2 (citing FAC ¶ 10)).

2. The Inspection Work Class (called by Plaintiffs
the "Non-Driving Work Class"), defined as "[a]ll
current and former employees of DOMINO'S PIZZA,
LLC, paid on a piece-rate bas[i]s, who were
based out of the Southern California
Distribution Center in Ontario, California, []or
the Northern California Distribution Center in
Hayward, California, and who performed at least
one inspection of a truck belonging to defendant
before or after driving a route between June 25,
2004, through June 1, 2006." (Feb. 19 Order at 3
(citing FAC ¶ 10).)

3. The California Labor Code section 203 Class,
coextensive with the Meal Break Class. (Feb. 19
Order at 3; FAC ¶ 52.)

4.   The California Labor Code section 226 Class,
coextensive with the Meal Break Class. (Feb. 19
Order at 3; FAC ¶ 48.)

(<u>See generally</u>, Class Certification Order.)[1]

Defendant petitioned the United States Court of
Appeals for the Ninth Circuit for permission to appeal
the Class Certification Order, which the Ninth Circuit
denied on May 28, 2009.  (Doc. No. 65.)

On December 9, 2010, per the parties' stipulation,
the Court granted Plaintiffs leave to amend their
complaint.  (Doc. No. 80.)  Plaintiffs' Second Amended
Complaint was identical to the FAC, except that it added
a sixth claim under California Labor Code sections 2698
and 2699 for penalties, attorneys' fees and costs under
the Private Attorney General Act.  (<u>See</u> Doc. No. 79-1
(Second Am. Compl. ("SAC")).)

Beginning on December 29, 2010, Plaintiffs four times
sought and were denied preliminary approval of the
proposed settlement.  (Doc. Nos. 81, 88, 90, 98, 104,
106, 120.)  On January 3, 2012, on Plaintiffs' fifth

---

[1] As the Meal Break class, California Labor Code
section 203 class, and Labor Code section 226 class are
all coextensive, the Court refers to these classes
collectively as the "Meal Break Class."

attempt, this Court granted the motion for preliminary
approval ("Preliminary Approval Order" (Doc. No. 124.)).

On May 21, 2012, the parties filed the Motion for
Final Approval.  (Doc. No. 136.)  On April 26, 2012,
Plaintiffs filed this unopposed Motion for Attorneys'
Fees, Costs, and Incentive Award to Plaintiffs
("Motion").  (Doc. No. 128.)  Plaintiffs seek $362,000 in
fees (25% of the Net Settlement Fund); $19,479.35 in
costs; and $10,000 as incentive awards to each of the two
Named Plaintiffs.  (Mot. at 1.)


**II.   LEGAL STANDARD**

**1.   Attorneys' Fees and Costs**

Under both Ninth Circuit and California precedent, a
district court has the discretion to award attorneys'
fees in common fund cases under either the percentage or
the lodestar method.  Powers v. Eichen, 229 F.3d 1249,
1256 (9th Cir. 2000); Wershba v. Apple Computer, Inc., 91
Cal. App. 4th 224, 254 (2001); Fischel v. Equitable Life
Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir.
2002) (citing Vizcaino v. Microsoft Corp., 290 F.3d 1043,
1047 (9th Cir. 2002)).  Regardless of the method
selected, when attorneys' fees are to be paid from a
common settlement fund, "the relationship between
plaintiffs and their attorneys turns adversarial" and
"the district court must assume the role of fiduciary for

1  the class plaintiffs." <u>In re Wash. Pub. Power Supply</u>
2  <u>Sys. Sec. Litig.</u>, 19 F.3d 1291, 1302 (9th Cir. 1994).

3

4      This Court will accept as the appropriate amount of
5  attorneys' fees the lower number of the two alternative
6  methods, i.e., a reasonably calculated lodestar total or
7  a reasonable percentage of the NSF.  Under the percentage
8  approach, "[o]rdinarily, . . . fee awards range from 20
9  percent to 30 percent of the fund created." <u>Id.</u> However,
10 the Ninth Circuit has recognized that 25% is the "proper
11 benchmark" for awarding attorneys' fees. <u>Id.</u>; <u>see also</u>
12 <u>Vizcaino</u>, 290 F.3d at 1048.  "Selection of the benchmark
13 or any other rate must be supported by findings that take
14 into account all of the circumstances of the case"
15 (<u>Vizcaino</u>, 290 F.3d at 1048), and the court may adjust
16 the benchmark to account for special circumstances (<u>see</u>
17 <u>In re Pacific Enterprises Sec. Litig.</u>, 47 F.3d 373, 379
18 (9th Cir. 1995).

19

20     The Court weighs the following factors to determine
21 the appropriate percentage of the settlement awarded: (1)
22 the results achieved; (2) the risk of litigation; (3) the
23 skill required and quality of work; (4) the contingent
24 nature of the fee and the financial burden carried by the
25 plaintiffs; and (5) awards made in similar cases.  <u>See</u>
26 <u>Vizcaino</u>, 290 F.3d at 1048-50.  One method of ensuring
27 reasonableness is to compare the amount of fees to be
28

1  awarded through the percentage method with the amount of
2  fees to be awarded through the lodestar method. <u>See</u>
3  <u>Fischel v. Equitable Life Assur. Society of U.S.</u>, 307
4  F.3d 997, 1007 (9th Cir. 2002).
5
6      Under the lodestar approach, the Court calculates the
7  fee award by multiplying the number of hours reasonably
8  spent by a reasonable hour rate and then enhancing that
9  figure, if necessary to account for the risks associated
10 with representation.  <u>Paul, Johnson, Alston & Hunt v.</u>
11 <u>Graulty</u>, 886 F.2d 268, 272 (9th Cir. 1989).  Where a
12 district court applies the percentage method, the
13 district court may apply a lodestar method as a "cross-
14 check."  <u>See</u> <u>Vizcaino</u>, 290 F.3d at 1050.  ("Calculation
15 of the lodestar . . . provides a check on the
16 reasonableness of the percentage award. . . . Thus, while
17 the primary basis of the fee award remains the percentage
18 method, the lodestar may provide a useful perspective on
19 the reasonableness of a given percentage award.")
20 (footnote omitted).  Here, in the absence of billing
21 records, the Court is unable to determine the lodestar,
22 as it cannot ascertain if the hours spent were reasonable
23 or not.
24
25     "Irrespective of the chosen method, 'the district
26 court should be guided by the fundamental principle that
27 fee awards out of common funds be 'reasonable under the
28

circumstances.'"  <u>Alberto v. GMRI. Inc.</u>, 252 F.R.D. 652, 667 (E.D. Cal. 2008) (citations omitted).

## 2.   Incentive Awards

Where the class counsel seeks incentive awards for the class representatives, a "district court must evaluate [named plaintiffs'] awards individually, using relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation . . . ." <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 977 (9th Cir. 2003). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." <u>Rodriguez v. West Publishing Corp.</u>, 563 F.3d 948, 958-959 (9th Cir. 2009).

## III.   DISCUSSION

In its Motion, Plaintiffs seek attorneys' fees and costs as well as a $20,000 total incentive reward for the Named Plaintiffs.

**A.   Attorneys' Fees**

Plaintiffs contend that they are entitled to recover attorneys' fees of $362,500.00 (25% of the NSF).  (Mot. at 1.)  This amount would be distributed among six attorneys and at least five support staff.  (<u>Id.</u> at 12.) Plaintiffs contend that the proper lodestar calculation is $490,081.00.  (<u>Id.</u>)  The Court has carefully reviewed the billing summaries, and finds that 25% of the NSF is below the proper lodestar calculation.  Thus, it concludes that Plaintiffs' request for $362,500.00 is reasonable.

**B.   Costs**

Plaintiffs seek $19,479.35 in costs asserted to be reasonably incurred in the course of resolving this litigation.  (<u>Id.</u> at 14.)  The Court finds Plaintiffs' request for $19,479.25 in costs incurred reasonable.

**C.   Named Plaintiffs Incentive Award**

Plaintiffs request an incentive award of $10,000.00 for Named Plaintiff Perfecto Espinoza and $10,000.00 for Named Plaintiff Cesar Pedroza.  (<u>Id.</u> at 14-15.)  The Court finds the requested incentive awards reasonable.

Dated:  <u>November 7, 2012</u>

VIRGINIA A. PHILLIPS
United States District Judge